**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CARKEYSHA JONES-PERRY**                                        **PLAINTIFF**

**v.**                                    CIVIL ACTION NO. <u>3:19-cv-538-HTW-LRA</u>

**CENTENE CORPORATION; AND
CENTENE MANAGEMENT COMPANY, LLC**                **DEFENDANTS**

**COMPLAINT**
**<u>JURY TRIAL DEMANDED</u>**

**COMES NOW** the Plaintiff, Carkeysha Jones-Perry, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII and 42 U.S.C. § 1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**<u>THE PARTIES</u>**

1.      Plaintiff, Carkeysha Jones-Perry, is an adult female who resides Madison County, Mississippi.

2.      Defendant, Centene Corporation, is a Delaware Corporation licensed to do business in the State of Mississippi and may be served through its registered agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.      Defendant, Centene Management Company, LLC, is a Wisconsin Corporation licensed to do business in the State of Mississippi and may be served through its registered agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

1

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction and venue is proper in this court.

5.     On April 17, 2019, Plaintiff timely filed a Charge of Discrimination with the EEOC for Race Discrimination, a true and correct copy of which is attached as Exhibit "A."  On May 6, 2019, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B."

6.     Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and 42 U.S.C. § 1981.

## STATEMENT OF FACTS

7.     Plaintiff, a African American female, was hired by the Defendant on July 15, 2015, as Manager.

8.     On January 16, 2017, Plaintiff was promoted to Director of Medical Management.

9.     As Director of Medical Management for Defendant, Plaintiff had oversight over three different products.

10.    One of the products, Plaintiff had overseen since 2015.

11.    During Plaintiff's tenure, that specific product grew from servicing 15,000 members to servicing over 80,000 members.

12.    This same product is currently keeping the Defendant profitable by generating over $55 million in revenue.

13.    Despite the success of this product, Plaintiff was been subjected to harassment because of her race and a hostile work environment.

2

14.     Plaintiff's reputation has been damaged by the Defendant's executives.

15.     Defendant continuously undermined Plaintiff's authority.

16.     Plaintiff was also subjected to scrutiny and pervasive conduct from management.

17.     In August 2018, Plaintiff's former Vice President of Medical Management, Paula Whitfield, informed Plaintiff that Aaron Sisk, Chief Executive Officer and Plan President, had intentions of terminating Plaintiff.

18.     Plaintiff worked 60 hour work weeks to ensure that the products that she oversaw were successful and profitable.

19.     Despite being understaffed for the first three years of employment with the Defendant, Plaintiff's team passed NCQA accreditation.

20.     Plaintiff's team worked countless hours to ensure their professional reputation was not ruined by executives who had no concern or regard for their efforts.

21.     When the acts of racial harassment became so frequent, Plaintiff filed a charge of discrimination with the EEOC.

22.     Plaintiff also filed a formal complaint through the Defendant's Compliance and Ethics line.

23.     The investigator Defendant assigned to Plaintiff's formal complaint was Tiaye Dasher.

24.     One week after the conclusion of the investigation, and Defendant confirmed that some of Plaintiff's concerns were validated, Plaintiff was abruptly terminated without justification.

25.      Plaintiff was the only African American Director out of three in Plaintiff's department.

26.      Plaintiff's similarly situated co-workers Cherie Polk and Amanda Smith who are Caucasian (Directors), were not treated in the same manner as Plaintiff.

## CAUSES OF ACTION

## COUNT I:  VIOLATION OF TITLE VII AND 42 U.S.C. 1981 – RACE DISCRIMINATION

27.      Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 26 above as if fully incorporated herein.

28.      Plaintiff is African American; thus, she is protected against discrimination on the basis of her race.  Plaintiff was more than qualified for the position she held. Plaintiff suffered an adverse employment decision in that she was terminated from employment with Defendant.

29.      The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.      Back wages and reinstatement; or
2.      Future wages in lieu of reinstatement;
3.      Compensatory damages;
4.      Punitive damages;
5.      Attorney's fees;
6.      Lost benefits;
7.      Pre-judgment and post-judgment interest;
8.      Costs and expenses; and
9.      Such further relief as is deemed just and proper.

THIS the 2nd day of August 2019.

Respectfully submitted,

CARKEYSHA JONES-PERRY, Plaintiff

By: _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web:  www.watsonnorris.com